# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 01-10977
Summary Calendar

---

CARDELL RHETT, JR., also known as
Rhett Cardell, Jr.,

                                                        Plaintiff-Appellant,

versus

WAYNE SCOTT; CHARLES ALEXANDER, Dr.;
MAXWELL GARDINER, Dr.; J. J. WESTENBURG, Dr.;
T. REVELL, Dr.; K. ALLEN, Nurse; SWARTS, Dr.;
B. ALLEN; G. PIERSON; B. CASEL; UNIVERSITY
OF TEXAS MEDICAL  BRANCH MANAGE CARE;
SCHERRY MCKELVEY,

                                                        Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CV-114

---

February 19, 2002

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

        Cardell Rhett, Jr., Texas prisoner # 672730, appeals from the district court's summary

judgment based on a defense of qualified immunity.  Rhett filed a 42 U.S.C. § 1983 complaint that

has been dismissed and remanded twice.  *See Rhett v. Scott*, No. 99-10282, (5th Cir. Dec. 3,

1999)(unpublished); *Rhett v. Scott*, No. 97-10910, (5th Cir. May 21, 1998)(unpublished).  In the

previous two appeals, this court held that Rhett had stated a nonfrivolous, constitutional claim

that the defendants delayed replacing his knee brace for 14 months resulting in further serious

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

injury to his knee. However, the only remaining defendant for purposes of the instant appeal is Dr. Maxwell Gardiner, who Rhett alleges was deliberately indifferent to a serious medical condition when he failed to procure a replacement knee brace in a more timely fashion.

Rhett argues that the district court erred when on remand it dismissed his 42 U.S.C. § 1983 complaint as frivolous for the third time. This argument is without merit because the complaint was not dismissed as frivolous but was denied on a summary-judgment motion.

Rhett also argues that the district court erred when it granted Dr. Gardiner's summary-judgment motion. Rhett has established the violation of a constitutional right. He was denied prescribed medical treatment for 14 months when prison authorities failed to provide him with a replacement knee brace. *See Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976)(deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)(holding that delayed medical care can constitute an Eighth Amendment violation). He has not, however, identified Dr. Gardiner as the party responsible for the denial of medical treatment.

The undisputed facts demonstrate that Dr. Gardiner was an independent contractor at the prison facility and had no authority to force prison authorities to act on his treatment referrals in a more timely fashion. Rhett makes only the conclusional allegation that Dr. Gardiner could have minimized the delay in procuring a replacement knee brace by more frequent requests from the prison authorities. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The district court properly granted summary judgment with respect to Rhett's claims against Dr. Gardiner. *See* Fed. R. Civ. P. 56(c). Accordingly, the district court's judgment is AFFIRMED with respect to Rhett's claims against Dr. Gardiner.

Rhett makes various arguments that relate to the denial of his discovery requests and his attempts to identify and name the parties responsible for the delay he experienced in receiving a replacement knee brace. The magistrate judge denied Rhett's first discovery request as premature and instructed that a discovery request would not be appropriate until after the defendants had

filed their answer. As instructed, Rhett renewed his discovery request after the defendant, Dr. Gardiner, filed the first answer. This did not occur until the case was on its second remand, nearly four years after the initial discovery request. In support of his motion, Rhett argued that he needed discovery to determine which parties were responsible for the 14-month delay in receiving his knee brace. The magistrate judge denied the discovery request. The magistrate judge explained that the two-year limitations period for personal injuries had expired, thereby barring Rhett from adding any yet unnamed defendants. The magistrate judge further denied his request because Rhett had not raised the issue of unnamed defendants in his previous discovery request. Rhett contends that the denial of his discovery requests prevented him from identifying and adding the defendants who should bear responsibility for his constitutional claim.

The magistrate judge denied Rhett's initial discovery request as premature. Then when Rhett attempted to renew his discovery request at the time appointed by the magistrate judge, the magistrate judge denied the discovery motion because the underlying issues and defendants were not presented in a timely fashion. In effect, the magistrate judge penalized Rhett for following the court's instructions on when to renew his discovery request. The district court subsequently overruled Rhett's objections regarding discovery. The district court abused its discretion when it approved, over Rhett's objections, the magistrate judge's denial of Rhett's renewed discovery motion. *See Moore v. Willis Indep. School Dist.*, 233 F.3d 871, 876 (5th Cir. 2000); Fed. R. Civ. P. 26(b). Accordingly, the district court's judgment is VACATED, and the case REMANDED to the district court to allow Rhett to pursue discovery for the purpose of identifying which parties were responsible for the 14-month delay in receiving a replacement knee brace.

Rhett argues that the district court abused its discretion when it denied his motions for appointment of counsel. He has not, however, demonstrated exceptional circumstances that would have justified the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1992). Likewise, his motion for appointment of appellant counsel is DENIED.

AFFIRM IN PART; VACATE AND REMAND IN PART; DENY MOTION TO APPOINT COUNSEL.