IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-41255

JAMES L. HILLYER,

Plaintiff-Appellee,

versus

TDC, TEXAS DEPARTMENT OF CORRECTIONS; ET AL.,

Defendants,

ALEX ANTONIO CABRERA; THELMA GARZA; OMAR GARZA, DR.,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(98-CV-60)
--------------------
December 18, 2002

Before HIGGINBOTHAM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Omar Garza, M.D., and Nurses Alex Cabrera and Thelma Garza, medical providers for the Texas Department of Criminal Justice-Institutional Division, appeal the district court's denial of their motion for summary judgment based on qualified immunity. They argue that the medical treatment they provided to inmate James Hillyer for his complaints of abdominal pain was objectively reasonable in light of clearly established law.

---

[1] Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

We must determine the basis of our jurisdiction on our own motion if necessary. <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987). Denials of summary judgment generally are not appealable final orders. 28 U.S.C. § 1291. Under the collateral order doctrine, "orders denying qualified immunity are immediately appealable only if they are predicated on conclusions of law, and not if a genuine issue of material fact precludes summary judgment on the question of qualified immunity." <u>Palmer v. Johnson</u>, 193 F.3d 346, 351 (5th Cir. 1999). When facts material to the question of qualified immunity are in dispute, denial of summary judgment is appropriate, and this court lacks jurisdiction. See <u>Mangieri v. Clifton</u>, 29 F.3d 1012, 1016 (5th Cir. 1994).

We do not have jurisdiction to review the district court's denial of qualified immunity to Dr. Garza and Nurses Cabrera and Garza. The parties have presented conflicting affidavits of experts. The ultimate determination involves credibility, which is a factual issue for the jury. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Moore v. Willis Indep. Sch. Dist.</u>, 233 F.3d 871, 874 (5th Cir. 2000); <u>Martin v. Thomas</u>, 973 F.2d 449, 453 (5th Cir. 1992). Because a decision cannot be made without reference to the experts' conflicting affidavits, there are facts material to the question of qualified immunity in dispute. The district court's denial of summary judgment was therefore appropriate, and this court lacks jurisdiction. See <u>Mangieri</u>, 29 F.3d at 1016.

APPEAL DISMISSED FOR LACK OF JURISDICTION.