IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50465
Summary Calendar

_____

ARTHUR M FLORES

         Plaintiff - Counter Defendant - Appellant

    v.

BEXAR COUNTY ADULT DETENTION CENTER; RALPH LOPEZ, Sheriff;
ARMANDO ORTIZ; PATRICK SKILLMAN; MICHAEL VALDEZ

         Defendants - Counter Claimants - Appellees

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-148-EP
--------------------
January 3, 2003

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Arthur M. Flores, Texas prisoner # 1038426, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint in which he alleged that the defendants' practice of housing known violent inmates along with inmates in protective custody proximately caused him to be assaulted. Flores raises three issues on appeal. He first argues that the district court erred in denying him discovery. Based on our review of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record, we conclude that Flores has failed to show that the district court abused its discretion in its discovery rulings. See Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000); Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990).

Flores next argues that the district court erred by denying his motions for the appointment of counsel. There is no automatic right to counsel in civil rights cases absent exceptional circumstances. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Flores primarily argues that exceptional circumstances exist because he is visually impaired as a result of the assault on him. However, Flores's case does not present novel or complex legal or factual questions, and he has been able to conduct his litigation in the district court despite his impairment, having filed numerous pleadings and motions. We conclude that there was no abuse of discretion in denying Flores's motions for counsel. See id. at 213; Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

Finally, Flores argues that the district court erred by dismissing his complaint. In his appellate brief, Flores asserts only the general legal standards for summary judgment and for dismissal under FED. R. CIV. P. 12(b)(6) without presenting any argument that the district court erred in determining that his claims were barred by qualified immunity. Failure of an appellant to identify any error in the district court's analysis

or application to the facts of the case is the same as if the appellant had not appealed that judgment. <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987). Because Flores does not address the basis of the district court's dismissal, he has abandoned the issue on appeal. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.