WIENER, Circuit Judge:
Plaintiffs-Appellants are the parents of Aaron Moore, a minor, (collectively, “the Moores”) who, they allege, sustained serious injuries as a result of excessive exercise imposed as punishment by his middle school gym teacher. They ask us to reverse the district court’s summary judgment dismissal of all their claims. We affirm the court’s grant of summary judgment for the Moores’ failure to state a constitutional claim of deprivation of substantive due process under the Fifth or Fourteenth Amendments to the U.S. Constitution,[1] but we reverse the district court’s exercise of jurisdiction over the Moores’ supplemental state-law claims and remand them to be dismissed without prejudice.
*873 I.
FACTS AND PROCEEDINGS
Taken in the light most favorable to the Moores, the facts are as follows. In February 1997, fourteen-year-old Aaron Moore was an eighth-grade student at Lynn Lucas Middle School in the Willis (Texas) Independent School District. Aaron was a student athlete who had just finished the season playing on the school’s basketball team and was looking forward to trying out for the track team. He and approximately eighty other boys were enrolled in an elective gym class of which Allen[2] Beene was one of the teachers. On the day in question, Beene observed Aaron talking to a classmate during roll call, a violation of a class rule. As punishment, Beene told Aaron to do 100 “ups and downs,” also known as squat-thrusts.[3] Aaron had not been subjected to similar punishment before, but he understood that if he stopped during this punishment, he either would be made to start over or would be sent to the principal’s office. A classmate counted the 100 repetitions.
Aaron then participated in approximately twenty to twenty-five minutes of weight lifting required of the gym class that day. He did not complain to Beene of pain or fatigue, fearing that would make matters worse. In the following days, however, Aaron was diagnosed with rhabdomyolysis[4] and renal failure; he also developed eso-phagitis/gastritis. Aaron was hospitalized and missed three weeks of school. He continues to experience fatigue, and has been unable to participate 'in school sports or physical education class.
Plaintiff-Appellant Nancy Moore, Aaron’s mother, states that Beene told her the “ups and downs” were a means of punishment necessary to control middle school students. Mrs. Moore also states that Beene told her that he had intentionally inflicted pain on her son, explaining: “With high school kids you can have them do two ups and downs and they remember the next time. With junior high kids, you have to inflict pain or they don’t remember.” Mrs. Moore further states that the school district’s athletic director, Ron Eik-enberg, told her that “the coaches at the junior high were out of control and they did their own thing.”
The Moores filed suit in federal district court against the school district and Beene under 42 U.S.C. § 1983, alleging violations of the First, Fifth, and Fourteenth Amendments to the U.S. Constitution; against the school district under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 (a claim they later non-suited); and against Beene alone for state-law claims of negligence and intentional infliction of emotional distress. The school district and Beene responded with motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56. The Moores conceded in their response to the summary judgment motion that their First Amendment claim should be dismissed, leaving only their substantive due process and state-law claims to be heard.
The matter was referred to a magistrate judge. She recommended that the defendants’ motion for summary judgment be granted as to all claims after concluding *874 that the plaintiffs could not allege a due process violation and that Beene was entitled to official immunity from the state-law claims. The magistrate judge subsequently filed a clarifying memorandum, making the same recommendation. The district court issued a final order granting the motion for summary judgment, and this appeal followed.
II
ANALYSIS

A. Summary Judgment Standard

This case is on appeal from a dismissal on summary judgment. Therefore, we review the record de novo, applying the same standard as the district court.[5] A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact.[6] An issue is material if its resolution could affect the outcome of the action.[7] In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.[8]
The standard for summary judgment mirrors that for judgment as a matter of law.[9] Thus, the court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence.[10] In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncon-tradicted and unimpeached.[11]

B. Substantive Due Process

To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[12] A local government entity, such as a school district, may be held liable under § 1983 for constitutional violations committed pursuant to a governmental policy or custom.[13]
The Moores cannot meet the initial requirement for stating a § 1983 claim against either defendant because under our precedent the conduct of which they complain is not a constitutional violation.[14] We have held consistently that, as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage. In *875 Fee v. Herndon,[15] we reiterated that “[cjorporal punishment in public schools ‘is a deprivation of substantive due process when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning.’ ”[16] Educators in states that proscribe student mistreatment and provide a remedy “do not, by definition, act ‘arbitrarily,’ a necessary predicate for substantive due process relief.”[17]
We do recognize a student’s liberty interest in maintaining bodily integrity. For example, we found that right to have been violated by a teacher’s conduct in Doe v. Taylor.[18] But Taylor is distinguishable from Aaron’s case. Taylor involved the sexual molestation of a student by her teacher, acts unrelated to any legitimate state goal. In contrast, this case involves excessive exercise imposed as punishment to maintain discipline, and discipline is clearly a legitimate state goal. It must be maintained in school classrooms and gymnasiums to create an atmosphere in which students can learn.
By now, every school teacher and coach must know that inflicting pain on a student through, inter alia, unreasonably excessive exercise, violates that student’s constitutional right to bodily integrity by posing a risk of significant injury. This right is not implicated, however, when, as in this case, the conduct complained of is corporal punishment — even unreasonably excessive corporal punishment — intended as a disciplinary measure. “Our precedents dictate that injuries sustained incidentally to corporal punishment, irrespective of the severity of those injuries or the sensitivity of the student, do not implicate the due process clause if the forum state affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions.”[19]
If the Moores have an adequate remedy under Texas law for Aaron’s alleged mistreatment, they cannot state a constitutional claim and their federal claims must be dismissed. Accordingly, we must examine the state remedies available to the Moores and the adequacy of these remedies.

C. Availability and Adequacy of State Remedies

Texas law forbids excessive corporal punishment. Texas Penal Code § 9.62 immunizes educators against criminal responsibility when they use non-lethal force against students, but only if they act reasonably:
§ 9.62. Educator-Student The use of force, but not deadly force, against a person is justified:
(1) if the actor is entrusted with the care, supervision, or administration of the person for a special purpose; and
(2) when and to the degree the actor reasonably believes the force is necessary to further the special purpose or to maintain discipline in a group.
On the civil side, Texas law provides for liability of a school employee who is negligent or uses excessive force in disciplining students when such acts result in a student’s bodily injury.[20]
*876 In Cunningham, v. Beavers,[21] a paddling case, we concluded that Texas provides adequate traditional common-law remedies for students who have been subjected to excessive disciplinary force. These remedies include the possibility of criminal conviction for assault[22] or injury to a child,[23] as well as potential civil recovery in tort.[24] Under our precedent, these provisions of state law bar the Moores from proving that Aaron’s alleged mistreatment was arbitrary and thus preclude their prevailing on a substantive due process claim against the school district or Beene. The district court dutifully followed this precedent in dismissing the Moores’ constitutional claims as do we in affirming that dismissal.

D. Discovery

In addition to assigning error to the district court’s summary judgment dismissal of their constitutional and state-law claims, the Moores complain that the trial court erred in granting summary judgment without allowing them leave to depose the defendants. We review a district court’s discovery decisions for abuse of discretion and will affirm such decisions unless they are arbitrary or clearly unreasonable.[25] The Moores have not shown that the district court abused its discretion. The Moores’ suit had been pending for fourteen months when the magistrate judge recommended that the district court grant summary judgment. The Moores make the conclusional argument that they should have been allowed to “fully explore the Defendants’ conduct, policy, procedures, and intentions by taking their depositions,” but do not state what relevant evidence they expected to uncover with additional discovery. There is nothing arbitrary or unreasonable about the court’s ruling on this point.
III.
CONCLUSION
We affirm the dismissal of the § 1983 claims asserted against both defendants. As this leaves no remaining federal claims involved in the case, we decline to exercise jurisdiction under 28 U.S.C. § 1867(c)(3) over the supplemental state-law claims. We therefore reverse the summary judgment of the district court adverse to the Moores on the remaining state-law claims and remand those claims to that court for dismissal without prejudice.
AFFIRMED in part, REVERSED in part, and REMANDED.

. U.S. Const, amends. V, XIV, § 1.

. Beene's first name was spelled incorrectly in the pleadings.

. In an affidavit, Beene described the exercise thus:
To perform an up-down the student starts in the standing position, then squats until he can place his hands flat on the floor. When the hands have been placed on the floor the legs are then extended fully to the rear while the arms remain straight at the elbows with the torso elevated above the floor. The legs are then drawn back under the torso into a squatting position, and the exercise is completed by returning to a standing position.

.Rhabdomyolysis is a degenerative disease of the skeletal muscle that involves destruction of the muscle tissue, evidenced by the presence of myoglobin in the urine.

. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir.1998).

. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

. Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

. Celotex, 477 U.S. at 323, 106 S.Ct. 2548.

. Reeves v. Sanderson Plumbing Products, Inc.,-U.S.- , 120 S.Ct. 2097, 2102, 147 L.Ed.2d 105 (2000).

. Mat 2110.

. Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994).

. Monell v. Dept. of Soc. Servs. of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

. See Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (noting that whether the plaintiff has been deprived of a right secured by the Constitution is a threshold inquiry in a § 1983 claim).

. 900 F.2d 804 (5th Cir. 1990), cert. denied, 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990).

. Id. at 808 (citing Woodard v. Los Fresnos Indep. Sch. Dist., 732 F.2d 1243, 1246 (5th Cir. 1984)).

. Id.

. 15 F.3d 443 (5th Cir. 1994) (en banc), cert. denied, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994); see also Jefferson v. Ysleta Indep. Sch. Dist., 817 F.2d 303 (5th Cir. 1987) (finding a student's substantive due process right to be free from bodily restraint implicated by allegations that she was tied to a chair for two days as part of an instructional technique, not for punishment).

. Fee, 900 F.2d at 808 (emphasis added).

. Section 22.051(a) of the Texas Education Code states:
A professional employee of a school district is not personally liable for any act that is *876 incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students, (emphasis added).

.858 F.2d 269, 272 (5th Cir.1988), cert. denied, 489 U.S. 1067, 109 S.Ct. 1343, 103 L.Ed.2d 812 (1989); see also Fee, 900 F.2d at 810 ("We hold only that since Texas has civil and criminal laws in place to proscribe educators from abusing their charges, and further provides adequate post-punishment relief in favor of students, no substantive due process concerns are implicated because no arbitrary state action exists.”).

. See Barr v. Bernhard, 562 S.W.2d 844, 849 (Tex. 1978); Harris v. State, 83 Tex.Crim. 468, 203 S.W. 1089 (1918); Hogenson v. Williams, 542 S.W.2d 456 (Tex.Civ.App.-Texarkana, 1976).

. See Tex. Penal Code § 22.04, Injury to a Child, Elderly Individual, or Disabled Individual.

. See, e.g., Grimes v. Stringer, 957 S.W.2d 865 (Tex.App.-Tyler 1997, writ denied); Spacek v. Charles, 928 S.W.2d 88 (Tex.App.-Houston [14th Dist.] 1996, writ dismissed w.o.j.).

. Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1441-42 (5th Cir.1993).