IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10189
Summary Calendar

_____

DOUGLAS SCOTT NOWELL,

Plaintiff-Appellant,

versus

JERRY BAGGS, Warden, Dickens County Correctional Center;
WAYNE BRAZEE, Lieutenant and Mailroom Supervisor at
Dickens County Correctional Center

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CV-79-C
--------------------
February 4, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Douglas Scott Nowell ("Nowell") appeals the district court's
grant of summary judgment dismissing his 42 U.S.C. § 1983
civil rights action in which Nowell alleged that, while housed at
Dickens County Correctional Center, his First Amendment rights
were violated by the defendants' denial of access to outside
publications.

We review a district court's grant of summary judgment de
novo, applying the same standard as would the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997).

Prisoners retain only those First Amendment rights of speech that are consistent with their status as prisoners or with the legitimate penological objectives of the prison. Hudson v. Palmer, 468 U.S. 517, 523 (1984). Regulations affecting the sending of publications to prisoners are scrutinized to determine whether they are "'reasonably related to legitimate penological interests.'" Thornburgh v. Abbott, 490 U.S. 401, 404 (1989) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Legitimate penological interests include security, order, and rehabilitation. Procunier v. Martinez, 416 U.S. 396, 413 (1974); Adams v. Gunnell, 729 F.2d 362, 367 (5th Cir. 1984).

Nowell has failed to establish that the defendants' interest in limiting and monitoring his access to publications violated his First Amendment rights. See Cruz v. Hauck, 515 F.2d 322, 333 (5th Cir. 1975). He has also failed to show that the district court abused its discretion in denying his discovery requests. See Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000).

The district court's grant of summary judgment in favor of the defendants is AFFIRMED.