IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 01-21201
Summary Calendar

—————————————

CRAIG RANG,

Plaintiff-Appellant,

versus

SCHLUMBERGER TECHNOLOGY CORPORATION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-4388
--------------------
October 21, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this appeal, plaintiff argues that there are disputed material facts in existence regarding the following issues: (i) whether plaintiff has satisfied the *prima facie* elements of his ADEA case; (ii) whether defendant's proffered legitimate nondiscriminatory reason for terminating plaintiff was mere pretext for illegal age discrimination; (iii) whether defendant engaged in illegal retaliation; (iv) whether plaintiff was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

wrongfully discharged under Montana law; (v) whether defendant's covenant not to compete to which plaintiff agreed is valid; and (vi) whether the district court abused its discretion during discovery.

The district court appropriately concluded that plaintiff is unable to satisfy the *prima facie* requirements of his ADEA claim. To establish his *prima facie* case, plaintiff must prove: (1) that he was discharged; (2) that he was qualified for his position; (3) that he was within the protected class; and (4) that he was (a) replaced by someone outside the protected class, or (b) replaced by someone substantially younger, or otherwise discharged because of his age. *See Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 992 (5th Cir. 1996); *Reeves v. Sanderson Plumbing*, 530 U.S. 133 (2000). Plaintiff's argument is limited to his assertion that defendant's employment evaluations were incorrect, rather than identifying facts supporting his claim that he was discharged because of his age or replaced by someone younger. Plaintiff's assertions cannot adequately support his ADEA *prima facie* case.

Even if plaintiff could satisfy the ADEA's *prima facie* elements, his ADEA claim would not prevail because he cannot show that defendant's legitimate nondiscriminatory reason—i.e., reduction in force—was mere pretext for illegal discrimination. Plaintiff essentially disputes defendant's assessment of his work performance, which under established precedent is insufficient to

support an inference of pretext. *See Shackelford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 408 (5th Cir. 1999); *see also Vadie v. Mississippi State Univ.*, 218 F.3d 365, 374 (5th Cir. 2000) (holding that a plaintiff can avoid summary judgment in an age discrimination case only if the evidence: (1) creates a factual issue as to whether each of the employer's stated reasons was what actually motivated the employer; and (2) creates a reasonable inference that age was a determinative factor in the actions of which plaintiff complaints). Furthermore, defendant's rehiring of another individual with higher performance ratings is insufficient to prove pretext. *See id.; see also Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 301 (5th Cir. 2000).

Plaintiff's claim for retaliation also fails, as the relevant ultimate employment action—plaintiff's being terminated—occurred prior to any protected activity. Furthermore, the record is devoid of any evidence of causation or retaliatory animus with respect to a claim of retaliation. *See Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1997); *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995); *Sharp v. City of Houston*, 164 F.3d 923, 933 (5th Cir. 1991).

Plaintiff's wrongful discharge claim also was properly dismissed because that cause of action, by its terms, does not apply to a discharge "that is subject to any other state or federal statute that provides a procedure or remedy for

contesting the dispute. Such statutes include those... that prohibit unlawful discrimination based on... age." Mont. Code § 39-2-912; *see also Tonack v. Montana Bank of Billings*, 854 P.2d 326, 331 (Mont. 1993). Plaintiff's sole theory of recovery for his termination is based on an allegation of age discrimination. As the ADEA covers such charges of discrimination, the Montana wrongful termination statute, by its terms, cannot. *See id.*

It is also clear that the covenant not to compete in issue here is acceptable under Montana law. Under Montana law, covenants not to compete are enforceable when they (i) are signed at or near the onset of employment; (ii) are limited in time or geographic scope; (iii) are based upon good consideration; and (iv) afford reasonable protection without imposing any unreasonable burdens. *See Daniels v. Thomas, Dean & Hoskins, P.C.*, 804 P.2d 359, 370 (Mont. 1990); *Dobbins, DeGuire & Tucker, P.C. v. Rutherford*, 708 P.2d 577 (Mont. 1985).

Additionally, nothing indicates that the district court abused its discretion during discovery. Thus, the district court's decisions should be affirmed, as they are neither arbitrary nor clearly unreasonable. *See Moore v. Willis Indep. School Dist.*, 233 F.3d 871, 876 (5th Cir. 2000); *Kelly v. Syria Shell Petroleum Development*, 213 F.3d 841, 855 (5th Cir. 2000).

Finally, plaintiff also asserts a number of other claims, such as (i) that evidence was improperly excluded, (ii) that defendant failed to provide required documents, and (iii) that

the district court made improper determinations of credibility. None of these arguments bears any merit.

Accordingly, the district court's holding is AFFIRMED.