United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-21335
Summary Calendar
_____

DONALD W. GRANT,

Plaintiff-Appellant,

versus

DR. EDGER HULIPAS; DR. K. KYKENDALE; DR. T. REVELL; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-2135
_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

Donald W. Grant, Texas prisoner # 397067, appeals from an

order granting summary judgment for the defendants.  Grant sued

three prison doctors who treated him after he sustained a spider

bite in June 1995.  Grant alleged deliberate indifference and

inadequate medical care.  After reviewing Grant's medical records

and copies of administrative grievances, the district court held

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the claims against Dr. Kuykendall were barred by the two-year statute of limitations and the claims against Dr. Revell were subject to dismissal for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). The district court also held that the medical records showed that Grant received extensive treatment and that the defendants were not deliberately indifferent.

In its order granting the defendants' motion for summary judgment, the district court also denied Grant's motion for a "discovery period," concluding that the defendants had already provided Grant with evidence relating to his complaint, including medical records, and that the issues in the case were sufficiently clear so as not to require additional discovery. Grant argues that the district court erred by granting summary judgment without providing him the additional discovery period. We conclude that the district court did not abuse its discretion.[1]

AFFIRMED.

---

[1] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266-67 (5th Cir. 1991).