United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10095

_____

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,

Plaintiff - Appellee,

v.

INTERDOM PARTNERS, LTD., ET AL,

Defendants,

INTERDOM PARTNERS, LTD., INTERDOM INC.,

Defendants - Appellants,

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

Before WIENER and PRADO, Circuit Judges, and LITTLE, District
Judge.[*]

PER CURIAM:[**]

Appellant Interdom Partners Ltd. ("Interdom") appeals from

the district court's grant of summary judgment, in which the

district court determined that Interdom must indemnify Appellee

The Burlington Northern and Santa Fe Railway Company ("BNSF") for

_____

[*]District Judge of the Western District of Louisiana,
sitting by designation.

[**]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

damages from a train derailment.  Because fact questions concerning the cause of the derailment prevent summary judgment, we reverse and remand.

**Background Facts and Procedural History**

Interdom serves as a sort of shipping intermediary.  In this role, Interdom arranges for the transportation (including by rail) of commodities for clients, who include various carriers and direct shippers.  As part of that process, Interdom entered into a series of agreements with BNSF.  This case involves the provision in those agreements where Interdom agreed to indemnify BNSF for damage "proximately caused by or resulting from" failure to comply with BNSF's requirements or from failure to load and brace the cargo properly, unless caused by BNSF's sole negligence.

On January 17, 2001, a BNSF train carrying a load of steel coils, among other items, derailed near Loder, Oklahoma. Interdom had arranged for the transportation of this load.  The parties appear to agree that, because of an improper description from another company, Interdom was not aware that the containers it was transporting contained steel coils.  The parties also agree that, under their contracts, steel coils required different handling from other kinds of cargo and that special bracing procedures for steel coils were not used in this case.  In fact, the insufficiency of the framework that supported the coils has

been cited, particularly by BNSF, as one possible cause of the derailment.

Following the derailment and repair, BNSF sued Interdom in the Northern District of Texas. In the suit, BNSF claimed that the indemnification provisions in the agreements required Interdom to pay for all the damage from the derailment. BNSF's complaint also included claims for breach of contract, negligence, and negligent misrepresentation. Interdom filed third-party claims against Columbus Line, Inc., the company that provided the incorrect description, which in turn filed third-party claims against four other companies. On November 6, 2003, BNSF moved for summary judgment on its indemnity claims against Interdom.

The district court granted BNSF's motion for summary judgment, finding that Interdom's liability was established because the parties' experts "do not rule out the improper loading of the coils and the mislabeling of the shipment as proximate causes of the derailment." The district court also concluded that BNSF had established the amount of its damages. After reaching these conclusions, the court entered a final judgment on these claims in the amount of $3,230,100.30 plus post-judgment interest and costs. Interdom filed a notice of appeal, and the district court stayed the remaining proceedings.

**Standard of Review**

3

We review the district court's grant of summary judgment de novo. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). When faced with a summary judgment motion,

> [T]he court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence. In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached.

*Moore*, 233 F.3d at 874 (citations omitted).

**Discussion**

Each party cites different provisions of their agreements when arguing whether summary judgment was appropriate. Interdom emphasizes the existence of a dispute about the proximate cause requirement, whereas BNSF contends that Interdom has not presented any evidence supporting the sole negligence exception to the indemnity agreement.

> The relevant parts of the agreement read:

> The shipper will be liable to BNSF or any third party for property damage, personal injury or death proximately caused by or resulting from (1) failure to comply with any requirement set forth in this BNSF Intermodal Rules and Policies Guide, including, but not limited to, equipment specifications and standards, (2) a defect in a vehicle supplied by shipper, or (3) failure of the shipper to load and brace the lading properly and in accordance with the requirements set forth in this BNSF

4

Intermodal Rules and Policies Guide, unless caused by the proven sole negligence of BNSF.

IT IS EXPRESSLY INTENDED THAT THE SHIPPER IS TO INDEMNIFY BNSF PURSUANT TO THE FOREGOING; SUCH INDEMNITY SHALL INCLUDE (1) INDEMNITY FOR THE NEGLIGENCE OR ALLEGED NEGLIGENCE OF BNSF, WHETHER ACTIVE OR PASSIVE, WHERE SUCH BNSF NEGLIGENCE IS A CAUSE (BUT NOT THE SOLE CAUSE) OF THE LOSS OR DAMAGE; (2) INDEMNITY FOR STRICT LIABILITY RESULTING FROM VIOLATION OR ALLEGED VIOLATION OF ANY FEDERAL, STATE OR LOCAL LAW OR REGULATION BY BNSF, INCLUDING, BUT NOT LIMITED TO, THE FEDERAL EMPLOYERS LIABILITY ACT, AND THE OCCUPATIONAL HEALTH AND SAFETY ACT.

The Shipper will defend and indemnify BNSF from and against the loss and damage described above and for the cost of defending claims filed against BNSF for such damage, including, but not limited to, reasonable attorney's fees necessary to defend against claims or suit. Upon tender of the defense for any claim or action against BNSF, shipper shall, at its expense, defend BNSF in such claim or action.

Acceptance by BNSF of a shipment not in compliance with this BNSF Intermodal Rules and Policies Guide will not serve to release the shipper from its obligations, including the obligation to defend and indemnify BNSF
. . . .

Emphasizing the requirement that the damage be "proximately caused by or resulting from" any of the listed things, Interdom argues that the experts disagree about what caused the derailment and that they therefore disagree about whether Interdom's actions proximately caused the accident. In contrast, BNSF contends that none of the experts suggest that BNSF's negligence was the sole cause of the derailment and that it was therefore entitled to summary judgment. In making this argument, BNSF invokes the sole negligence exception and skips over the "proximately caused by or

5

resulting from" language.  The issue thus becomes whether cause
is a prerequisite for indemnity under the agreement.

We conclude that it is--the proximate cause requirement must
be met before the indemnity clause applies.  This reading is
clear from the language introducing the provision: "The shipper
will be liable to BNSF or any third party for property damage,
personal injury or death *proximately caused by or resulting from*
...."  (Emphasis added).  The sole negligence provision is an
exception, as evidenced by its "unless" language.  Without
showing that one of the listed items caused the damage, BNSF is
not entitled to idemnity.

Thus, to analyze whether summary judgment was proper, we
must first address whether BNSF's evidence established that this
initial requirement was met.  This requirement can be met in two
ways--damage can be either proximately caused or "resulting from"
the action.  Under Texas law, proximate cause has two parts:
foreseeability and cause in fact.  *Southwest Key Program, Inc. v.
Gil-Perez*, 81 S.W.3d 269, 274 (Tex. 2002).  The parties,
particularly Interdom, emphasize the cause-in-fact element.  For
cause in fact, a party must show that an action was "a
substantial factor in bringing about [the] injury and without
which no harm would have been incurred."  *Id*.  "Resulting from,"
too, requires causation.

Interdom bases its challenge on this point and argues that

6

BNSF failed to conclusively show that Interdom's actions caused the derailment.[1]  Thus, according to Interdom, a fact question remains.  In making this argument, Interdom emphasizes that, in reviewing summary judgment, all factual inferences from the evidence are to be drawn in favor of it as the nonmovant.  *See Moore*, 233 F.3d at 874.

As part of this evidence, Interdom cites the affidavit of its expert Gregg Perkin, who concluded that "too many facts remain for anyone to precisely determine the proximate cause(s) of this derailment.  The possibility remains that BNSF directly contributed to the events leading up to this derailment."  While not ruling out improper loading of steel coils as a cause, Perkin provided other possible causes of the derailment: structural deficiencies with the railcar, defects along the railway, slipping by another car, and the train's speed.  With all of these unknown factors, Interdom contends that a fact question exists regarding proximate cause.

We agree with BNSF, however, that Perkin's affidavit is insufficient by itself to defeat summary judgment because it merely indicates, without elaboration or support, that several

---

[1]According to the district court, the plaintiff's experts "*do not rule out* the improper loading of the coils and the mislabeling of the shipment as proximate causes of the derailment."  Interdom contends that this kind of analysis places an improper burden on it when it was BNSF's burden to establish proximate cause.

causes might be possible.[2]  It does not provide its own view of causation; because it is so vague, it also does not impeach BNSF's expert opinion.  Nevertheless, Interdom has provided further evidence beyond Perkin's affidavit.  Interdom also provided the reports of two other experts, Colin Fulk and Roger Iversen.[3]  Both reports were based on examination of the site and cars, and both reports provide specifics of other possible causes.  In particular, Fulk contends that defects in the rail car, combined with train speed and track conditions, caused the derailment.  The second expert report, by Iversen, concluded that the train derailed because of BNSF's excessive rough handling.  These experts' opinions contradict the opinion of BNSF's expert, who contended that derailment was caused by the steel coils exceeding the maximum weight for the container.  In other words, these reports show the existence of a fact question concerning causation and, more importantly, concerning whether any of the actions listed in the agreement caused the derailment.  This dispute among the experts cannot be resolved at summary judgment.  Because of this dispute, summary judgment on BNSF's indemnity claim was improper.

**Conclusion**

Because a fact question concerning proximate cause remains,

---

[2]We also note that Perkin never physically examined the rail car or the site.

[3]These experts were retained by other parties.

the district court's grant of summary judgment was incorrect.  We reverse and remand for further proceedings in the district court.

REVERSED AND REMANDED.