United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20283
Summary Calendar

J. MICHAEL BOURGEOIS,

Plaintiff-Appellant,

versus

PENSION PLAN FOR THE EMPLOYEES OF SANTA FE INTERNATIONAL
CORPORATIONS; SANTA FE INVESTMENT SAVINGS AND PROFIT SHARING
PLAN; GLOBALSANTAFE CORPORATION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-1316
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

J. Michael Bourgeois appeals the grant of summary judgment in favor of the defendants, the Pension Plan for the Employees of Santa Fe International Corporations, Santa Fe Investment Savings and Profit Sharing Plan, and GlobalSantaFe Corporation in his Employee Retirement Income Security Act action challenging the pension plans' committee's denial of his request for enhanced benefits. Bourgeois argues that there was no valid administrative

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record before the district court. Bourgeois does not identify any document that should have been but was not included in or excluded from the administrative record, and he makes no argument how this allegedly inaccurate or incomplete administrative record makes the district court's grant of summary judgment error. Consequently, this issue is without merit. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Bourgeois argues that no document was submitted to the district court that met the requirement that the committee's action be set forth in writing and signed by a majority of the members. Because Bourgeois states that this contention is not part of his appeal, we do not consider this issue.

Bourgeois argues that the district court erred in considering only the claim relating to the period beginning in 1989 and not considering his claim that he was due benefits for 1974 to 1989 as well. However, the district court's decision makes clear that it considered Bourgeois's claims from 1974 forward, and this issue is, therefore, without merit.

Finally, Bourgeois argues that the denial of discovery by the district court was an abuse of discretion because, since the pension plans were self-administered, there was a real conflict of interest that could not be fully established without discovery. Bourgeois did not give the district court any reason why additional discovery would create a genuine issue of material fact. See FED. R. CIV. P. 56(f); see also Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986).  Consequently, the district court's denial of discovery was not an abuse of discretion.  <u>See</u> <u>Moore v. Willis Indep. Sch. Dist.</u>, 233 F.3d 871, 876 (5th Cir. 2000).  The judgment of the district court is AFFIRMED.