# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2007

Charles R. Fulbruge III
Clerk

No. 06-50530
Summary Calendar

JESSICA SERAFIN,

Plaintiff-Appellant,

v.

SCHOOL OF EXCELLENCE IN EDUCATION; BRETT WILKINSON,
Individually and In His Official Capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 05-CV-62

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jessica Serafin attended the School of Excellence in Education (SEE), a public charter school in San Antonio, Texas, during the 2003-2004 academic year. On June 18, 2004, weeks after Serafin's eighteenth birthday, Principal Brett Wilkinson summoned her and two other students to his office after they breached school rules and left campus during the school day. In accordance with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

school procedures, and over Serafin's protest, Wilkinson administered corporal punishment to each with a wooden paddle. In attempting to block the paddle with her hand, Serafin's hand suffered minor, temporary injuries.

Serafin brought suit under 42 U.S.C. § 1983 against SEE and Wilkinson, alleging that her due process and equal protection rights were violated. She also raised several independent state law claims. The district court granted Defendants' motions for summary judgment and dismissed all federal claims against SEE and Wilkinson. The court declined to exercise supplemental jurisdiction over the surviving state claims and dismissed those without prejudice. Serafin now appeals the dismissal of her federal claims.[1] Because Serafin cannot prevail on her substantive due process or equal protection claims,[2] we AFFIRM the district court's grant of summary judgment as to Appellee SEE.

It is well settled in this Circuit that corporal punishment of public school students is only a deprivation of substantive due process rights "when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning." Fee v. Hendon, 900 F.2d 804, 808 (5th Cir. 1990) (citation omitted). As a matter of law, punishment is not arbitrary so long as the state affords local remedies for the alleged offensive conduct. Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874–75 (5th Cir. 2000). This Court has already decided that Texas affords adequate remedies for excessive corporal punishment claims such as this. Id. at 875–76. Because there

---

[1] While this appeal was pending, a suggestion of bankruptcy was filed by Appellee Wilkinson, and as a result, this case was automatically placed in abeyance. The stay was lifted regarding Appellee SEE only, and thus this panel does not address the claims Appellant raised against Wilkinson.

[2] It is undisputed that SEE is immune under Texas law from all of Appellant's other claims.

are adequate local remedies, Serafin's substantive due process claims must fail as a matter of law.

Serafin argues that this clear precedent should either (1) be revisited by this court, or (2) be held inapplicable because Serafin was not a minor at the time of the incident. As to the first suggestion, we generally refuse to revisit a prior panel's decision absent some compelling reason, and we find no such reason here. See Free v. Abbott Labs., 164 F.3d 270, 272–73 (5th Cir. 1999). As for the second, Serafin argues that adults are not compelled to be at school and therefore, they maintain stronger due process rights than minors while there. This argument relies on the false premise that Serafin was not required to comply with SEE's attendance policies on the day in question. Without doubt, she did not need to attend school after her eighteenth birthday and was at liberty to withdraw from SEE. However, having voluntarily chosen to attend classes after her eighteenth birthday and remain enrolled, she was not free to disregard school rules and attendance policies.

In Texas, "[a] person who voluntarily enrolls in school or voluntarily attends school after the person's 18th birthday shall attend school each school day for the entire period the program of instruction is offered." TEX. EDUC. CODE § 25.085(e). Serafin was a student at SEE at the time of this incident. Nothing in the caselaw exempts non-minors from the corporal punishment of students. Furthermore, the Texas statute governing the use of corporal punishment in schools, makes no differentiation between adults and minors, stating that all students are eligible to receive corporal punishment. TEX. PENAL CODE § 9.62. Because Serafin was obligated to comply with school rules and subject to its disciplinary policies, we see no basis for affording her greater due process rights than her co-students. As this Court explained in Fee: "we have avoided having student discipline, a matter of public policy, shaped by the individual predilections of federal jurists rather than by state lawmakers and local officials

. . . [especially when] states, like Texas, have taken affirmative steps to protect their students from overzealous disciplinarians." 900 F.2d at 809.

In the alternative, Serafin argues that the equal protection rights of adult students are violated insofar as they are subject to corporal punishment while other adults are not. There is no merit to this claim. The Equal Protection Clause "does not require things which are different in fact or opinion to be treated in law as though they were the same." Plyer v. Doe, 457 U.S. 202, 216 (1982) (citation omitted). Texas' unique statutory treatment of students is justified by the need to maintain a safe and secure educational atmosphere. See id. Students are not a suspect class and no fundamental right is at stake. There is a rational basis for allowing corporal punishment of students, and it is sufficient to survive an equal protection challenge. Texas did not compel Serafin to enroll in SEE or to attend after her eighteenth birthday, but once she chose to do so she was treated as all other students, adult or otherwise.

Finding no bases for due process or equal protection claims, we AFFIRM the district court's judgment on all counts in regards to Appellee SEE.