IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2008

Charles R. Fulbruge III
Clerk

No. 07-30375

REGENIA FAYE TAYLOR

Plaintiff - Appellant

v.

ALBEMARLE CORPORATION

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-398

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Regina Faye Taylor filed an employment discrimination action against Appellee Albemarle Corp., alleging retaliation and race, gender, and age discrimination. Albemarle laid off Taylor when it implemented a reduction in force after experiencing declining profitability. The district court granted Albemarle summary judgment. Taylor now appeals.

Having reviewed the briefs, the record, and the parties' oral arguments, we AFFIRM the judgment of the district court. Even assuming that Taylor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established a prima facie case, we conclude that the district court properly granted summary judgment as to her retaliation and race and gender discrimination claims under the McDonnell Douglas framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); Rios v. Rossotti, 252 F.3d 375, 378 (5th Cir. 2001) (noting that the McDonnell Douglas framework applies to plaintiff's Title VII discrimination claims). Albemarle produced admissible evidence that, if believed, showed that it laid off Taylor because it implemented a reduction in force, which we have stated is a legitimate, nondiscriminatory reason. See EEOC v. Tex. Instruments, Inc., 100 F.3d 1173, 1181 (5th Cir. 1996) (noting that a reduction in force "is itself a legitimate, nondiscriminatory reason for discharge"). Therefore, under the McDonnell-Douglas framework, summary judgment was appropriate unless Taylor presented evidence that created a genuine issue of material fact that Albemarle's reason was pretextual. See Amburgey v. Cohart Refractories Corp., 936 F.2d 805, 813 (5th Cir. 1991). Because Taylor adduced no evidence indicating pretext, she failed to carry this burden here.

We also find that summary judgment was proper as to Taylor's age discrimination claim. Taylor admittedly filed her age discrimination claim well after the limitations period under the Age Discrimination in Employment Act had passed, and Taylor's relation-back argument is precluded by our decision in Manning v. Chevron Chemical Co.. See 332 F.3d 874, 879 (5th Cir. 2003).

Finally, we conclude that Taylor's challenges to the district court's discovery rulings lack merit. At all times during this litigation, Taylor has failed to specify what relevant evidence she expected to uncover from additional discovery. Therefore, the district court did not abuse its discretion when it refused to grant additional discovery. See Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000) (finding that the district court did not abuse its discretion when it disallowed additional discovery and granted summary

judgment because appellants failed to "state what relevant evidence they expect[] to uncover").

AFFIRMED.