Donald W. GRANT, Plaintiff–
Appellant,

v.

Dr. Edger HULIPAS; Dr. K. Kykendale;
Dr. T. Revell; Texas Department of
Criminal Justice, Institutional Divi-
sion, Defendants–Appellees.

No. 02–21335.

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 2003.

Donald W. Grant, pro se, Huntsville, TX,
for Plaintiff–Appellant.

Amber Lea Adams, Office of the Attor-
ney General for the State of Texas, Austin,
TX, for Defendants–Appellees.

Before HIGGINBOTHAM, DAVIS, and
PRADO, Circuit Judges.

Summary Calendar

PER CURIAM.*

Donald W. Grant, Texas prisoner
# 397067, appeals from an order granting
summary judgment for the defendants.
Grant sued three prison doctors who treat-
ed him after he sustained a spider bite in
June 1995. Grant alleged deliberate indif-
ference and inadequate medical care. Af-

ter reviewing Grant's medical records and
copies of administrative grievances, the
district court held that the claims against
Dr. Kuykendall were barred by the two-
year statute of limitations and the claims
against Dr. Revell were subject to dismiss-
al for failure to exhaust administrative
remedies pursuant to 42 U.S.C. § 1997e(a).
The district court also held that the medi-
cal records showed that Grant received
extensive treatment and that the defen-
dants were not deliberately indifferent.

In its order granting the defendants'
motion for summary judgment, the district
court also denied Grant's motion for a
"discovery period," concluding that the de-
fendants had already provided Grant with
evidence relating to his complaint, includ-
ing medical records, and that the issues in
the case were sufficiently clear so as not to
require additional discovery. Grant ar-
gues that the district court erred by grant-
ing summary judgment without providing
him the additional discovery period. We
conclude that the district court did not
abuse its discretion.[1]

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1. See Moore v. Willis Indep. Sch. Dist., 233
F.3d 871, 876 (5th Cir.2000); Int'l Shortstop,
Inc. v. Rally's, Inc., 939 F.2d 1257, 1266–67
(5th Cir.1991).