# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-51013
Summary Calendar

WESLEY B MAYES

Plaintiff-Appellant

v.

FNU ISSAC, Supervisor of University of Texas Medical Branch; DR L LINTHICUM, Texas Department of Criminal Justice Medical Services Director; VERNON K PITTMAN, Warden; GILBERT CAMPUZANO, Regional Director; OWEN J MURRAY, University of Texas Medical Branch Supervisor

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-163

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Wesley Mayes, Texas prisoner # 1274331, appeals the district court's grant of summary judgment dismissing his 42 U.S.C. § 1983 complaint wherein he alleged that he was denied his "non-mandatory" arthritis medication, pursuant to prison policy, while the Travis State Jail was on lockdown. We review de novo

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a district court's order granting a summary judgment motion. See Hernandez v. Velasquez, 522 F.3d 556, 560 (5th Cir. 2008).

Mayes argues that the individual defendants were not entitled to qualified immunity because they were aware that the nurses were following an "old" policy which (unlike the newer applicable policy) prohibited the dispensation of non-mandatory medication during lockdown. Even if this court were to assume, arguendo, that Mayes did make a showing of supervisory liability, Mayes failed to make a threshold showing that the defendants were deliberately indifferent to his serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 835-37 (1994).[1] The district court thus did not err in granting the individual defendants' motion for summary judgment based on qualified immunity. See Johnson v. Johnson, 385 F.3d 503, 524-25 (5th Cir. 2004).

The district court also did not err by granting summary judgment in favor of the defendant state agencies. Under the Eleventh Amendment, federal courts lack jurisdiction to entertain suits in law or equity against a non-consenting state, or a state agency, by its own citizens. In re Soileau, 488 F.3d 302, 305 (5th Cir. 2007), cert. denied, 128 S. Ct. 1220 (2008); Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 573 (5th Cir. 2002). Mayes's reliance on Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 694-95 (1978) is misplaced because Monell concerned a suit against a municipality, and in no way suggests that state agencies are subject to suit in federal court.

Finally, Mayes has not shown that the district court abused its discretion in denying his motion for the production of documents and for interrogatories. See Moore v. Willis Indep. School Dist., 233 F.3d 871, 876 (5th Cir. 2000); see also Heitschmidt v. City of Houston, 161 F.3d 834, 840 (5th Cir. 1998).

---

[1]We also note that there is no evidence that any of the individual defendants acted (or failed to act) with malice for the purpose, or with the intent, of causing Mayes pain or injury.

AFFIRMED.