**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2012

Lyle W. Cayce
Clerk

No. 11-20223
Summary Calendar

LLOYD HENDERSON; LORETTA HENDERSON

Plaintiffs - Appellants

v.

ANDERSON; HARRIS COUNTY, TEXAS; TOMMY THOMAS; DAN
BILLINGSLEY; MAJOR DEPUTY JUAN JORGE; DEPUTY D. R. WARREN;
C. A. SANDOVAL,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
No. 4:09-CV-548

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lloyd and Loretta Henderson sued Harris County, Texas, the Harris
County Sheriff's Department, and former officers of the department alleging civil

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20223

rights violations.  After all defendants other than Harris County had been dismissed, Harris County moved for summary judgment.  The court below granted the Hendersons a continuance to conduct discovery in response to the motion, but no depositions were taken before the discovery deadline.  Because no new evidence was presented, the magistrate judge recommended, and the district court granted, summary judgment to Harris County.  We AFFIRM the ruling of the district court.

## FACTS & PROCEEDINGS

In October 2007, Lloyd Henderson reported a burglary of his business by calling the Sheriff's Department.  Deputies Anderson and Warren responded to the call and, while completing the incident report, Henderson alleges that Deputy Anderson "became rude and belligerent and physically threw Mr. Henderson on the ground and falsely arrested him" by handcuffing him.  Henderson alleges he was injured as a result of this use of force.  Henderson's security camera captured the incident, but there was no sound on the video.  After the event, the Hendersons submitted a complaint to the Sheriff's Department's Internal Affairs Division.  The Division began an investigation of the burglary and the alleged assault.

Unsatisfied with the investigation, the Hendersons brought suit against the county, Sheriff's Department, and multiple Sheriff's Department officers in state court, later amending their complaint to include federal claims.  The defendants removed the action to federal court and sought dismissal of the claims.  The court dismissed the officers and Harris County sought summary judgment.  The Hendersons responded by requesting a continuance to conduct discovery which the court granted.  On February 18, 2010, during a hearing on a discovery dispute, the court expressly authorized the Hendersons' attorney to take the depositions of former Sheriff Thomas and three sheriff's deputies, as

2

No. 11-20223

well as other discovery.  The court set a discovery deadline of September 24, 2010.

Despite authorizing the depositions and other discovery with sufficient time, the Hendersons failed to take any depositions. Once discovery closed, Harris County again sought summary judgment and, once again, the Hendersons sought a continuance to respond and conduct discovery.  The court found no good cause existed for the Hendersons' eight month failure to conduct any discovery and denied their request for additional time to conduct discovery. The court did, however, grant a continuance to file a supplemental response to the motion for summary judgment.  After reviewing the motion and response, the magistrate judge recommended granting summary judgment to Harris County. The district court adopted the recommendation of the district court and the Hendersons timely appealed.

## STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is appropriate when the moving party can demonstrate that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "We review a district court's discovery decisions for abuse of discretion and will affirm such decisions unless they are arbitrary or clearly unreasonable." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000).

## DISCUSSION

The Hendersons raise two issues on appeal.  First, they allege that the district court erred in granting summary judgment.  Second, they allege the district court abused its discretion by denying further discovery.

A.    Summary Judgment

3

No. 11-20223

The Hendersons first assert that the officers acted as a result of and in accordance with the County's practice, custom, or policy of warrantless searches and seizures, refusing to investigate citizens complaints against deputies, and intimidating and retaliating against them if they did submit a grievance. Second, the Hendersons seek to impose municipal liability against the County based on ratification.

1.     Practice, Custom, or Policy

Generally, municipalities, such as Harris County, are not liable for the constitutional torts of their employees unless those employees act pursuant to an official action or with approval. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 663 n. 7 (1978). In order to assert a claim for municipal liability under § 1983, a plaintiff must establish proof of three elements: (1) a policymaker; (2) an official policy or custom; and (3) a violation of a constitutional right whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001) (citing *Monell*, 436 U.S. at 694).

Harris County moved for summary judgment because the Hendersons' claim was conclusory, there was no evidence of the existence of any unconstitutional policy or custom, and the unconstitutional actions that the Hendersons raised did not amount to a persistent and widespread practice. Aside from their conclusory allegations, the Hendersons did little to factually detail the policy or custom they claimed was involved and how the particular injury was incurred because of the execution of that policy. *See Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir.1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."). Because the Hendersons cannot point to a policy, custom, or a persistent and widespread practice, we affirm the grant of summary judgment.

4

No. 11-20223

2.    Ratification

We have recognized ratification as a theory of liability against a municipality when the behavior of a state actor is approved by the policymaker. *Valle v. City of Houston*, 613 F.3d 536, 542-43 (5th Cir. 2010). However, we have refused to find ratification simply because a municipality failed to punish an actor for those actions on one occasion and have refused to infer an official policy from a single isolated failure to punish an officer's misconduct. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). The Hendersons suggest that the deposition testimony of Sheriff Thomas in the *Ibarra* case supports their claim that Harris County ratified the conduct of the Sheriff Department deputies by taking no action thus creating a genuine issue of material fact. *See Ibarra v. Harris Cnty.*, 243 F. Appx. 830, 836 (5th Cir. 2007). We disagree. Thomas' testimony in *Ibarra* concerned another issue and is not relevant here. Even if it were relevant, the mere fact that former Sheriff Thomas, as the policymaker for the County, testified in *Ibarra* that he supported his deputies as long as they "acted in good faith" does not mean that he ratified an illegal act. *See Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986) (the fact that a policymaker defends his subordinates who are later found to have broken the law does not show the illegal behavior can be assumed to have resulted from an official policy). Because the Hendersons produced no evidence that this was anything more than a one time occurrence, we cannot find Harris County ratified the officers' conduct, nor can we infer a persistent and widespread practice or custom.

B.    Discovery

The Hendersons next allege the district court erred in denying their motion for additional discovery. In February 2010, the district court authorized the Hendersons to take depositions of ex-Sheriff Thomas and three officers. At an April status conference, the district court set a September 24, 2010 discovery

No. 11-20223

deadline and admonished counsel to contact the court as often as necessary to resolve any discovery problems as they occured. It was not until October 31, 2010, more than one month after the deadline, that the Hendersons complained to the court that defense counsel had failed to cooperate in scheduling depositions. Despite the eight month period of time, no depositions were taken. We have held that a party that does not diligently pursue discovery is not entitled to relief. *See Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). Because the Hendersons failed to contact the district court prior to the discovery deadline, it was not an abuse of discretion to deny further discovery.

## CONCLUSION

For the foregoing reasons, we AFFIRM the ruling of the district court.