# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2023

Lyle W. Cayce
Clerk

———————

No. 22-11109

———————

SiteLock, L.L.C.,

*Plaintiff—Appellee*,

Rhonda Harper,

*Appellee*,

*versus*

GoDaddy.com, L.L.C.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-MC-42

———————————————————

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Appellant GoDaddy.com, L.L.C. ("GoDaddy") appeals the district court's denial of its Motion to Compel the production of Appellee Rhonda Harper's ("Harper") pilot survey and related documents which were

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11109

created for Appellee SiteLock, L.L.C. ("SiteLock"). For the reasons explained below, we AFFIRM the district court's denial.

## I. Background

SiteLock sued GoDaddy in Arizona, alleging that GoDaddy misused SiteLock's trademark to direct consumers to SiteLock's competitor. SiteLock retained an expert, Harper, to conduct a consumer survey to analyze whether GoDaddy's alleged use of SiteLock's trademark was likely to confuse customers. Harper sent a "pilot survey" consisting of twenty questions to "between 50 and a hundred" people to determine "their understanding of the survey itself." After reviewing and analyzing the results of the pilot survey, Harper made some revisions which resulted in a seventeen-question survey that she used as the basis for her report. Harper's report disclosed the full final survey, as well as the survey's questionnaires, response distribution tables, and all related raw data.

On April 2, 2021, GoDaddy served Harper with a subpoena duces tecum that contained 47 document requests and required compliance in the Northern District of Texas where Harper resides. Harper ultimately produced 63 documents but objected to producing drafts of the survey and privileged communications with SiteLock's attorneys.

Unsatisfied, GoDaddy filed a motion to compel on May 7, 2021, in the Northern District of Texas. The district court judge in this miscellaneous action referred the motion to the assigned magistrate judge. The magistrate judge conducted an *in camera* review of all documents[1] that Harper had withheld as privileged. After completing the *in camera* review, the magistrate

---

[1] This court has not reviewed the documents which the magistrate judge reviewed *in camera*, however, we have reviewed the written descriptions of those documents that are included within the record.

judge concluded that the pilot survey constituted a "draft survey" that was protected from disclosure under Federal Rule of Civil Procedure 26(b)(4)(B) and denied GoDaddy's Motion to Compel. The magistrate judge also concluded that the requested communications did not fall under any exceptions to the rule protecting attorney-expert communications and thus "are protected under the applicable law."

GoDaddy then filed objections to the magistrate judge's findings and requested that the district court judge sustain its objections and issue an order compelling Harper to produce the pilot survey. The district court judge overruled GoDaddy's objections, writing: "[b]ecause Harper prepared the pilot survey for use in her ultimate report and derived the final survey from the pilot survey, it is—at least arguably—a draft disclosure per Rule 26(b)(4)(B)." Thus, he concluded, "this Court is not left with a definite and firm conviction that the magistrate judge erred." GoDaddy now appeals the district court's denial of its Motion to Compel.

## II. Legal Standard

"We review a district court's discovery rulings, including the denial of a motion to compel, for abuse of discretion." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004) (citing *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000)). Furthermore, a district court's order overruling objections to a magistrate judge's ruling is reviewable only for abuse of discretion. *See Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (per curiam) ("We review a district court's discovery-related rulings for abuse of discretion . . . includ[ing] a decision to defer to a magistrate judge's discovery order."). We "will affirm such decisions unless they are arbitrary or clearly unreasonable." *Moore*, 233 F.3d at 876 (citing *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1441–42 (5th Cir. 1993)). Because a district court "enjoys wide discretion in determining the

scope and effect of discovery," it is "unusual to find an abuse of discretion in discovery matters." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

## III. Discussion

### A. Pilot Survey

Rule 26(a)(2)(B)(ii), requires a testifying expert to disclose all "facts or data considered by the [expert] in forming" their opinions. However, Rule 26(b)(3)(A) provides work product protection to those documents "that are prepared in anticipation of litigation or for trial," and Rule 26(b)(4)(B), further extends work-product protections to "drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded."

GoDaddy argues that the pilot survey is a non-privileged "testing method or testing material" that must be disclosed. GoDaddy argues that the district court's finding that the pilot survey is a draft survey protected from disclosure "demonstrates a clear misunderstanding of Rule 26 and fundamentally misstates the nature of the Pilot Survey." We disagree.

In ruling on GoDaddy's objections, the district court determined that the question at hand was "whether Harper's pilot survey constitutes *a draft of a report or disclosure* or instead *facts or data* considered in forming her opinion." Applying the ordinary meaning of "draft" the district court found that "[b]ecause Harper prepared the pilot survey for use in her ultimate report and derived the final survey from the pilot survey, it is—at least arguably—a draft disclosure per Rule 26(b)(4)(B)." The district court judge concluded that "this Court is not left with a definite and firm conviction that the magistrate judge erred," and thus, overruled GoDaddy's objections, thereby, affording Rule 26(b)(4)(B)'s work-product protection for "drafts of

any [expert's] report or disclosure . . . regardless of the form in which the draft is recorded" to the pilot survey.

Under no reading could we find the district court's detailed order overruling GoDaddy's objections to the magistrate judge's findings as "arbitrary or clearly unreasonable." *Moore*, 233 F.3d at 876. Accordingly, we affirm.

## B. Communications between Harper and SiteLock's Counsel

Rule 26(b)(4)(C) protects communications between an expert and a party's attorney, except for communications relating to the expert's compensation and attorney provided facts, data, or assumptions which the expert relies on in forming her opinion. FED. R. CIV. P. 26(b)(4)(C).

GoDaddy correctly contends that it is "entitled to those communications that identify facts, data, or assumptions that Sitelock's attorneys provided to Ms. Harper related to the Pilot Survey." However, after an exhaustive *in camera* review, the magistrate judge concluded that "upon review of the documents submitted, it is clear that those constituting attorney-expert communications are protected under the applicable law. As such, they are not subject to production in discovery."

GoDaddy provides no specific argument and cites no authority to support its assertion that the district court abused its discretion in overruling its objections to the magistrate judge's findings. As the district court's decision was neither arbitrary nor clearly unreasonable, we affirm his order overruling GoDaddy's objections.

## IV. Conclusion

Accordingly, we AFFIRM the district court's order overruling GoDaddy's objections to the magistrate judge's decision.