United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-40509
Summary Calendar

STANLEY J. PEACOCK; PATSY PEACOCK,

Plaintiffs-Appellants,

versus

THE CITY OF MURPHY TEXAS,

Defendant-Appellee.

**Appeal from the United States District Court
for the Eastern District of Texas
(4:02-CV-373-DDB)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Real-estate developers Stanley and Patsy Peacock appeal, *pro se*, the summary judgment granted the City of Murphy, Texas. In 1987, a Texas state court issued a writ of mandamus ordering the City to issue various permits to the Peacocks. In 2002, the Peacocks filed a development application seeking to correct their development plat and have the necessary permits issued. The City refused to issue the permits because the Peacocks' development plans did not comply with existing building and utility codes.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Peacocks filed this action under 42 U.S.C. § 1983, claiming the City, *inter alia*, violated their equal-protection rights by imposing requirements on them that were not required of other developers near the proposed development. The City submitted competent summary judgment evidence showing: the Peacocks' development application was considered under the same standards as every other applicant; and the denial of the Peacocks' development application was rationally based. The Peacocks did not provide any countervailing evidence. The district court entered summary judgment in favor of the City.

We review a summary judgment *de novo*. *See **Melton v. Teachers Ins. & Annuity Ass'n of Am.***, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is appropriate where the pleadings and evidence present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A factual dispute will preclude an award of summary judgment if a reasonable jury could return a verdict for the nonmovant based on the evidence presented. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Conclusional allegations, speculation, improbable inferences, or a mere scintilla of evidence are insufficient to defeat a summary judgment motion. ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 587 (1986).

The Peacocks offer only generalized and conclusional assertions that the evidence submitted by the City was untrue. This is insufficient to overcome the City's summary judgment evidence. *See Michaels v. Avitech, Inc.*, 202 F.3d 746, 754-55 (5th Cir.), *cert. denied*, 531 U.S. 926 (2000). Because the undisputed facts, supported by competent summary-judgment evidence, showed the Peacocks did not receive disparate treatment and the denial of their development application was rationally based, the City was entitled to summary judgment against their equal protection claims. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Nor have the Peacock's shown they were denied due process. Their development application was considered at public hearings and they do not assert they were not notified of those hearings. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Moreover, the City's refusal to issue the requested permits because the Peacocks had not met building and utility code requirements is neither arbitrary nor wrongful. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

The Peacocks also contend the district court erred in refusing to compel responses to their discovery requests. They have not shown an abuse of discretion, however; they have not explained how the responses would have created a genuine issue of material fact. *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir.

3

2000); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285-86 (5th Cir. 1990).

**AFFIRMED**