**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III

Clerk

No. 08-10186
Conference Calendar

KEITH MARSHALL

Plaintiff-Appellant

v.

D PATEL, MD; F BAXTER, FHA; TTUHSC; DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; TIMOTHY C SIMMONS, Senior Warden; LEONARD D ELLIS, Assistant Warden

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:06-CV-141

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Keith Marshall, Texas prisoner # 609093, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. Marshall does not renew his claims against F. Baxter, the Texas Tech University Health Sciences Center, Doug Dretke, Timothy Simmons, and Leonard Ellis. Because Marshall does not brief any issue relating to these defendants, all issues are deemed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1997).

Marshall argues that Dr. Patel demonstrated deliberate indifference to his serious medical needs because Dr. Patel's order to increase the dosage of Marshall's pain medication was inexplicably delayed for several months. Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Acts of negligence or medical malpractice are insufficient to establish a constitutional violation. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991). Marshall fails to allege facts relating to the delay which are sufficient to support a claim of deliberate indifference to a serious medical need as is required to proceed under the Eighth Amendment and § 1983. *See id.*

Marshall also contends that the district court erred in dismissing his complaint prior to discovery and by denying his post judgment motion to amend his complaint. Marshall has not shown that the district court's failure to allow him to conduct discovery was arbitrary or clearly unreasonable as he offers no indication what the discovery would have revealed that would have changed the underlying nature of the complaint. *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000). Additionally, Marshall's attempt to amend his complaint to add a new defendant would have been futile because it would not change the substance of Marshall's complaint, which simply does not state a claim of deliberate indifference to his serious medical needs; therefore, the district court did not err in denying Marshall's motion. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864-65 (5th Cir. 2003).

Marshall's appeal is without arguable merit and, thus, frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, it is dismissed. *See* 5TH CIR. R. 42.2. The district court's dismissal of Marshall's complaint as

2

frivolous and this court's dismissal of Marshall's appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Marshall is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.