# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 19-50133

_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2020

Lyle W. Cayce
Clerk

JAY B. VINEYARD,

Plaintiff-Appellant

v.

UNIVERSITY HEALTH SYSTEMS, in their individual and official capacity, Correctional Care Health Services (Detention Unit in BCADC); KAREN MCMURRY, in their individual and official capacity, Legal Services Department, University Health Systems; JESSICA YAO, in their individual and official capacity, Physician's Assistant/Coordinator of Infirmary, University Health Systems Detention Unit in BCADC; OLGA ALI, in their individual and official capacity, Nurse Practictioner, University Health Systems Infirmary in BCADC; SANDRA WRIGHT, in their individual and official capacity, Nurse, University Health Systems Medical Pods (L.A.), University Health Systems Detention Unit in BCADC; HOWARD HUBER, in their individual and official capacity, Nurse, University Health Systems Detention Unit in BCADC; KASSANDRA JOHNSTON, in their individual and official capacity, Medical Records Liaison, Unversity Health Systems; CORRECTIONAL OFFICER  FNU ALDANA, in their individual and official capacity, BCSO, Infirmary Correctional Officer, University Health Systems Detention Unit in BCADC; BCSO CORPORAL A. LEIJA, in their individual and official capacity, BCSO Grievance Officer in BCADC; BCSO J. GARCIA, in their individual and official capacity, #1754, Patrol Deputy; BEXAR COUNTY ADULT DETENTION CENTER, in their individual and official capacity; BCSO JOHN DOE, in their individual and official capacity, BCSO Transport Officer in BCADC; JAVIER SALAZAR, in their individual and official capacity, Sheriff, Bexar County; LINDA GARZA, in their individual and official capacity, Law Librarian in BCADC; BRYAN ALSIP, in their individual and official capacity, Chief Medical Officer, University Health Systems; LINDA GARCIA, Law Library Cordinator; DAVID L. CALLENDER; MEDICAL DOCTOR MARK FOSTER, UTMB John Sealy Hospital; P.A. MARCOS GOMEZ, UTMB John Sealy Hospital; REBECCA DE LA CRUZ,

No. 19-50133

Senior Practice Manager, UTMB Lopez State Jail; P.A. J. R. DECLET, UTMB Garza West,

Defendants-Appellees

————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-328

————————————

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jay B. Vineyard, Texas prisoner # 2172501, moves for in forma pauperis (IFP) status to appeal the denial of his 42 U.S.C. § 1983 pro se civil rights complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and 28 U.S.C. § 1915A(b)(1)-(2). Vineyard's brief in support of his motion argues (1) deliberate indifference to his serious medical needs; (2) violations of his First Amendment right to access the courts; (3) vicarious liability on the part of the supervisory officials; (4) theft of his property by the officer who booked him into the Bexar County Adult Detention Center (BCADC); and (5) violations of his constitutional rights based on officials' failure to investigate and redress his grievances. Additionally, Vineyard alleges that the district court violated his right to access the courts and abused its discretion by denying his motions for joinder and dismissing his claim without allowing discovery and a jury trial. He also submitted a motion for leave to file additional evidence, consisting of one page of his medical record, and requested appointed counsel.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50133

By moving to proceed IFP in this court, Vineyard challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To proceed IFP, Vineyard must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

As to his claims of deliberate indifference to serious medical needs, Vineyard alleged, for the most part, that the medical defendants unsuccessfully or negligently treated his condition on multiple occasions. Such allegations are not sufficient to state a claim for deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000). However, Vineyard stated a nonfrivolous claim that the delay in his knee surgery constituted deliberate indifference. *See Delaughter v. Woodall*, 909 F.3d 130, 138 (5th Cir. 2018). While a decision to delay may be a medical judgment decision, it may also demonstrate deliberate indifference to serious medical needs. *Id.*

Regarding Vineyard's claim that the district court and the BCADC librarian violated his right to access the courts, he did not allege facts that demonstrate that his ability to pursue a nonfrivolous legal claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). Vineyard's claims against the supervisory officials are frivolous because he did not allege personal involvement on the part of each individual defendant or that some acts by each were causally connected to a constitutional violation. *See Porter v. Epps*, 659 F.3d 440, 446

3

(5th Cir. 2011).  As to his property deprivation claim, he alleged that the deprivation was an unauthorized theft and not authorized by BCADC procedures.  Such an unauthorized deprivation does not give rise to a § 1983 procedural due process claim because the state provides an adequate post-deprivation remedy: a state tort lawsuit.  *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990).

Vineyard's challenge to the BCADC's grievance procedures is frivolous because he did "not have a federally protected liberty interest in having these grievances resolved to his satisfaction."  *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).  To the extent that Vineyard challenges the district court's determination that the individual defendants were entitled to qualified immunity, with the exception of his claim that his knee surgery was delayed, he did not "allege a violation of a constitutional right" or "show that the right was clearly established . . . in light of the specific context of the case."  *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 181 (5th Cir. 2016) (internal quotation marks and citation omitted).  Because it is clearly established that "an unjustified delay in surgery is unconstitutional," *Delaughter*, 909 F.3d at 138, Vineyard's claim that the defendants are not entitled to qualified immunity on this basis is not frivolous.  *See Howard*, 707 F.2d at 220.

Vineyard contends on appeal that the district court violated several constitutional rights by referring his case to the magistrate judge (MJ), preventing him from conducting discovery, denying his motion for joinder, and dismissing the case without allowing a jury trial.  The assignment of some matters to the MJ did not violate any of Vineyard's rights.  *See* 28 U.S.C. § 636(c)(1).  Vineyard's motion for joinder sought to consolidate his case with the case of another inmate who brought similar claims against the BCADC, but the incidents underlying the other inmate's lawsuit did not arise from the

same transaction or occurrence, and no common questions of law or fact existed. *See* FED. R. CIV. P. 20(a)(1).  Except with respect to his claim that his knee surgery was delayed, the district court did not abuse its discretion by denying Vineyard's motion for discovery because Vineyard did not show how the evidence would change the frivolous nature of the allegations in his complaint. *See Gomez v. St. Jude Med. Daig Div., Inc.*, 442 F.3d 919, 927 (5th Cir. 2006); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000). As to Vineyard's claim that his right to a jury trial was violated, the district court was authorized to issue a sua sponte dismissal order, and it was not required to allow discovery or a jury trial prior to doing so.  *See* § 1915(e).

Accordingly, Vineyard's IFP motion is GRANTED.  The district court's judgment is VACATED as it pertains to the delay in Vineyard's knee surgery and REMANDED for further proceedings regarding that claim.  The district court's judgment is AFFIRMED on all other grounds.  Vineyard's motion to appoint counsel on appeal is DENIED as moot, but the district court is free to reconsider it upon remand.  Vineyard's remaining motions are DENIED.