# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2022

Lyle W. Cayce
Clerk

No. 20-40660

Ash B Bakre,

*Plaintiff—Appellant*,

*versus*

Deborah Kendall; James Bjornson; Doctor FNU Abron;
Michael Sizemore; DOE UTMB Office of Professional
Standards,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:19-CV-298

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Ash B. Bakre, Texas prisoner # 784509, seeks leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. He contends that the defendants showed deliberate

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

indifference to his serious medical needs and that the district court refused or failed to consider all the medical evidence.

Bakre received extensive treatment but disagreed with particular aspects of that treatment. Thus, the district court correctly concluded that Bakre failed to meet the extremely difficult standard for showing deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009); *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). Bakre also fails to show that the court abused its discretion by refusing to allow or to consider additional medical evidence. *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000). Any challenge to the district court's dismissal of Bakre's claims that the persons who responded to his grievances hindered and delayed his medical care is waived on appeal due to lack of briefing. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Because Bakre fails to present any nonfrivolous issue for appeal, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Bakre's motion to appoint counsel is also DENIED.

The district court's dismissal of the action as frivolous and this court's dismissal of the appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Bakre has two prior strikes. *Bakre v. Steven*, No. 6:17-CV-239 (E.D. Tex. June 2, 2017); *Bakre v. Marr*, No. 4:97-CV-210 (E.D. Tex. Sept. 29, 1997).

Because Bakre now has at least three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's

No. 20-40660

jurisdiction may subject him to additional sanctions, and he is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.